UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES CHRIS VICTORIAN, § <br> TDCJ #00597535, § <br> § <br> Petitioner, § <br> VS. § <br> § <br> BOBBY LUMPKIN, § <br> § <br> Respondent. § | CIVIL ACTION NO. 4:21-1374 |

## MEMORANDUM OPINION AND ORDER

Petitioner James Chris Victorian is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I. BACKGROUND

Victorian is serving a 50-year sentence imposed in Case No. 577306, 177th District Court of Harris County, for a murder committed on February 10, 1990 (Dkt. 1, at 2). *See* Offender Information Search, available at https://offender.tdcj.texas.gov/Offender Search/index.jsp (last visited Apr. 29, 2021); *Victorian v. State*, No. A14-91-00427-CR, 1992 WL 1015 (Tex. App.–Hou. [14th Dist.] 1992, pet. ref'd).

Victorian's habeas petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Estelle Unit on November 16, 2020,

in disciplinary case number 20210051253 (Dkt. 1, at 5).[1] Victorian was convicted of a threat to inflict harm and was punished by a 40-day recreation restriction, a 55-day commissary restriction, a 40-day cell restriction, and reduction of his custody status. He states that he did not lose previously earned good-time days and that he is not eligible for release on mandatory supervision. He appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6).

Victorian claims that the disciplinary proceedings did not comport with the Due Process Clause and that his counsel substitute was constitutionally ineffective (*id*. at 6-7).

## II. PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting arise under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).[2] Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be

---

[1] Victorian recently filed a separate habeas action, Civil Action No. 4:21-1333, that challenged a disciplinary conviction on November 9, 2020, in case number 20210051228.

[2] The Fifth Circuit has held repeatedly that "there is no constitutionally protected right to counsel substitute in a disciplinary proceeding." *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *see Choyce v. Cockrell*, 51 F. App'x 483 (5th Cir. 2002) ("As a prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing").

eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Victorian cannot demonstrate a constitutional violation in this case because, as he acknowledges in his petition, he is not eligible for release on mandatory supervision.[3] This is fatal to his habeas claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit. *See Malchi*, 211 F.3d at 957-58. Additionally, as Victorian states in his petition, his disciplinary sentence did not include the loss of previously earned good-time credits. Although his conviction resulted in other penalties, including a reduction in custody status and the loss of certain privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see Malchi*, 211 F.3d at 958.

Because Victorian cannot demonstrate a constitutional violation, his habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

---

[3] Victorian was convicted of murder under Texas Penal Code § 19.02, *see Victorian*, 1992 WL 1015, at *1, which renders him ineligible for mandatory supervision. Eligibility for mandatory supervision in Texas is "'governed by the law in effect at the time the offense was committed.'" *See Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005) (quoting *Ex parte Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005)). According to Texas law in effect on February 10, 1990, when Victorian committed the murder offense, a person convicted of murder is ineligible. *See* TEX. CODE OF CRIM. PROC. art. 42.18, § 8(c)(1) (1990) ("A prisoner may not be released to mandatory supervision if . . . the prisoner is serving a sentence for . . . a first degree felony under Section 19.02, Penal Code (Murder)"). The current version of this Texas statute also provides that an inmate convicted of murder under Texas Penal Code § 19.02 may not be released to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(2).

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the federal habeas corpus petition (Dkt. 1) filed by James Chris Victorian is **DENIED** and this case is **DISMISSED** with prejudice.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 30th day of April, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE